**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TYRONE DOUGLAS DAVIS, #85768**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:08-cv-377-DPJ-JCS**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,
M.D.O.C. RECORDS DEPARTMENT
AND SHERRY ROBINSON**                                    **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff,

Tyrone Douglas Davis, an inmate currently confined in the East Mississippi Correctional

Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The

named Defendants are Mississippi Department of Corrections (M.D.O.C.), M.D.O.C.

Records Department, and Sherry Robinson.

Plaintiff claims that Defendant M.D.O.C. Records Department and Defendant

Robinson have refused and neglected to calculate his sentence correctly following a corrected

sentencing order.  Plaintiff seeks as relief that he be released from incarceration and monetary

damages.

<u>Analysis</u>

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1]  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
        (i)        is frivolous or malicious;
        (ii)       fails to state a claim on which relief may be granted; or

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

Claims

Initially, this Court must decide whether Plaintiff should pursue this matter as a

---

(iii)     seeks monetary relief against a defendant who is immune from such relief.

request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.

Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or

conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing

*Cook v. Tex. Dep't of Criminal Justice Transitional Planning*, 37 F.3d 166, 168 (5th Cir.

1994)).  Plaintiff must pursue claims that affect his eligibility for, or entitlement to,

accelerated release through habeas corpus. *Id*. (citing *Pugh v. Parish of St. Tammany*, 875

F.2d 436, 439 (5th Cir. 1989)).  If  Plaintiff's claims are proven and this Court grants the

requested relief, it could result in Plaintiff receiving an early release from custody.  With this

in mind, this Court has determined that Plaintiff must first pursue this cause by filing a

petition for habeas corpus relief.[2]

     To the extent Plaintiff is seeking monetary damages for his alleged false

imprisonment, this Court finds that Plaintiff's claim under § 1983 is precluded by the

Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court

addressed whether a claim for monetary damages which essentially challenges Plaintiff's

conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such

a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of

---

[2] This Court notes that Plaintiff has a pending habeas corpus petition already before the Court surrounding this same claim in cause number 1:07-cv-1253-LG-RHW.

habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If Plaintiff were successful in this § 1983 action, it would necessarily imply the invalidity of his sentence.  Since this § 1983 action calls into question the validity of Plaintiff's sentence and because Plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this Court finds that Plaintiff's complaint should be dismissed.

## Conclusion

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time.  Consequently, this case will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).  To the extent that  Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

## Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike".[3]  If the Plaintiff receives "three strikes" he will be denied *in forma*

---

[3]  Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

*pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order  will be entered.

**SO ORDERED AND ADJUDGED** this the 23th day of July, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."